**In re Rodger Price SAFFOLD, II, Debtor.**

**No. 07–11006.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

July 30, 2007.

Stephen D. Hobt, Cleveland, OH, for Debtor.

### MEMORANDUM OF OPINION

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

This is the debtor Rodger Saffold's fourth bankruptcy filing in almost ten years. Leader Mortgage Co. filed a motion to dismiss the case and for sanctions in the form of in rem relief or a bar against re-filing based on the repeat filings.[1] The debtor consented to dismissal, but objected to the sanction request.

The court held an evidentiary hearing on the sanction issue, only. At that hearing, the debtor defended the motion on the merits and also argued that there is no subject matter jurisdiction because Leader lacks standing to raise this issue, having sold the note and mortgage in question years ago. Leader defended its standing and moved, alternatively, to substitute an unrelated entity as the movant. For the reasons set forth below, the court finds that Leader does not have standing to prosecute either the motion for sanctions or the motion to substitute, and the motions are denied on that basis.

### JURISDICTION

The court has jurisdiction over the debtor's underlying chapter 13 case under 28 U.S.C. § 1334 and General Order No. 84

1. Docket 14.

entered by the United States District Court for the Northern District of Ohio.

### FACTS [2]

#### I.

The facts in this case illustrate a problem arising out of dramatic changes that have taken place in the home lending industry over the past few decades. To state it simply, historically an individual would approach a local lender asking to borrow money to buy a house. The lender would provide the needed funds, with the borrower signing a note secured by a mortgage on the residence. The lender would own the note and mortgage throughout the note's term and the borrower would repay the money to the lender. When the note was paid in full, the lender would release the mortgage. Over time, the practice evolved to the situation we find today, where a loan is commonly closed and sold to a third-party on the same day, followed by unlimited sales and assignments of the note and mortgage, multiple changes in the entity servicing the loan (i.e., the entity authorized to collect note payments), or both. The frequent byproduct is confusion on the part of a borrower over who owns his note and mortgage and also over who is servicing the note. This case shows that the confusion can also extend to a lender.

#### II.

In 1989, the debtor Rodger Saffold and his former wife borrowed money from Mortgage Executives, Inc. to purchase a home. They signed a note secured by a mortgage on the property.[3] That same day, Mortgage Executives, Inc. assigned the note and mortgage to Leader Mortgage Co. (Leader).[4]

When the borrowers defaulted on the note, Leader filed a state court complaint for money judgment and foreclosure against Rodger Saffold, among others.[5] The court entered judgment in favor of Leader on August 29, 1997.[6] The property was set for a sheriff's sale on November 17, 1997.[7] The debtor filed his first bankruptcy case a few days before that sale to stop it from going forward.[8]

On November 18, 1997, Leader assigned the note and mortgage to Harbor Financial Mortgage Corporation.[9] On December 30, 1998, Leader was merged into The Leader Mortgage Company, LLC, with the result that "Leader Mortgage Co." ceased to exist.[10]

On October 14, 1999, Harbor Financial Mortgage Co. filed a bankruptcy petition in the Northern District of Texas, case no. 99–37257.[11] On an unidentified date and through an unidentified transaction, United Western Bank fka Matrix Capital Bank became the owner of the note and mortgage.[12] The note is currently serviced by

2. These facts are drawn from the parties' stipulations, the docket, the evidence presented at the hearing (including testimony and exhibits), and the parties' post-trial briefs. The facts are not disputed.

3. Stip. 1, 2; exh. A to debtor's post-trial brief. (Docket 33, 40).

4. Exh. B to debtor's post-trial brief; Affidavit of Julie Kohn attached to Leader's post-trial brief. (Docket 40, 42).

5. Stip. 3. (Docket 40, 42).

6. Stip. 4.

7. Stip. 5.

8. Stip. 6.

9. Exh. C to debtor's post-trial brief; Kohn Aff. ¶ 5.

10. Exh. D to debtor's post-trial brief.

11. Kohn Aff. ¶ 6.

12. Kohn Aff. ¶ 7.

Dovenmuehle Mortgage, but there are no facts addressing when Dovenmuehle assumed that role.[13]

On June 1, 2004, The Leader Mortgage Company, LLC was merged into U.S. Bank National Association and out of existence.[14]

The debtor filed this chapter 13 case on February 19, 2007. On March 1, 2007, Leader filed a motion to dismiss and for in rem relief or sanctions in which it identifies itself as a creditor. Leader points to the debtor's multiple filings and asks that the court impose sanctions to protect Leader in the event that the debtor files yet another bankruptcy case. Specifically, Leader moves for an order finding that the debtor and anyone in contractual privity with the debtor be barred from ever listing the real estate subject to its mortgage in any bankruptcy filing or that the debtor be barred from filing any bankruptcy petition for 180 days from the date on which the order is entered. *See* 11 U.S.C. §§ 109(g), 349(a).

## THE POSITIONS OF THE PARTIES

The debtor contends that the motion for sanctions should be dismissed because Leader does not have standing to pursue this issue. The argument is that Leader is not a creditor of the debtor, having assigned its interest in the note and mortgage years ago and having itself ceased to exist. Leader responds that it has standing because it is the record holder of the judgment. Alternatively, it argues that United Western Bank should be substituted as the movant.

13. Kohn Aff. ¶ 8.

## DISCUSSION

### I. Does Leader Have Standing to Request Sanctions?

#### A.

A motion to dismiss for lack of standing questions whether the court has subject matter jurisdiction. *See* FED. R.CIV.P. 12(b)(1) (made applicable by FED. R. BANKR.P. 7012, 9014(c)). Because of this, standing can be raised at any time and is not subject to waiver. *See* FED. R. CIV. P. 12(h)(3) (made applicable by FED. R. BANKR.P. 7012, 9014(c)). A challenge to standing may be either a facial attack on a pleading or a factual attack. Where, as here, a party raises a factual attack, the court has discretion to permit the parties to submit affidavits and documents showing the jurisdictional facts. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990). Leader, as the party invoking federal court jurisdiction for its motion, has the burden of proof. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

#### B.

The doctrine of standing arises out of the separation of powers set forth in the United States Constitution in which federal power is divided among the legislative, executive, and judicial branches. U.S. CONST. art. I, art. II, and art. III. The power, or jurisdiction, of federal courts is limited to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. Those words are not defined in the Constitution, and so it has been left to the courts to identify the matters that fall within that grant, in contrast to matters appropriately left to the executive and legislative branch-

14. Exh. E to debtor's post-trial brief.

es. *Lujan,* 504 U.S. at 559–60, 112 S.Ct. 2130.

 The overall standing question is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). There are two aspects to the doctrine: a constitutional limitation and a jurisprudential limitation. "In both dimensions it is founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Id.* To establish the "irreducible constitutional minimum" for standing, *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130, a party must show three things: "(1) an injury in fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue-the injury must be fairly traceable to the defendant's actions; and (3)[a] likelihood that the injury would be redressed by a favorable decision of the Court." *Courtney v. Smith,* 297 F.3d 455, 459 (6th Cir. 2002) (internal quotation marks omitted).

 A plaintiff who meets this minimum is still subject to the jurisprudential limitations on standing. These require the plaintiff to show that (1) he is asserting his own legal rights, as opposed to the legal rights of others; (2) the issue raised is not an abstract question of wide public significance which is better addressed by the legislative branch; and (3) his claim is within the zone of interest to be protected by the statute in question. *Jet Courier Servs., Inc. v. Fed. Reserve Bank of Atlanta,* 713 F.2d 1221, 1225 (6th Cir.1983). In the bankruptcy context, the zone of interest inquiry is whether the code "can be properly understood as granting the plaintiff ... the right to seek judicial relief for the alleged impropriety." *Schroeder v. Crown Life Ins. Co. (In re Icelands, Ltd.),*

No. 97–11775, 1999 WL 1038245, at *3 (Bankr.S.D.Ohio, Sept.2, 1999). "These additional restrictions enforce the principle that, as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coal Operators & Assocs., Inc. v. Babbitt,* 291 F.3d 912, 916 (6th Cir.2002) (internal quotation marks omitted).

## C. Constitutional Standing

 The motion to dismiss and for sanctions filed by Leader states that it is the owner and holder of the note and mortgage at issue and a secured creditor of the debtor. The undisputed facts show otherwise. Leader sold and assigned its interest in these instruments to Harbor Financial Mortgage Corporation in 1997, ten years before the debtor filed this case. The mortgage assignment states that:

> ... The Leader Mortgage Company ... for and in consideration of ... valuable considerations ... to it paid by Harbor Financial Mortgage Corporation ... has sold, assigned, and transferred, and does hereby sell, assign and transfer to [Harbor] all the rights, title, and interest of [Leader] to a certain real estate mortgage, dated the 27th day of April 1989 A.D. made by Rodger P. Saffold II and Angela P. Saffold[.] [15]

Under Ohio law, the "[t]ransfer of an instrument vests in the transferee any right of the transferor to enforce the instrument." *May v. Westfield Village, L.P.,* No. 02–COA–051, 2003 WL 22176727, at *2 (Ohio Ct.App. Sept.22, 2003) (quoting OHIO REV.CODE § 1303.22).

The allegation in the request for sanctions is that, without the imposition of sanctions, the debtor "will again attempt to frustrate Creditor's [i.e. Leader's] right to

---

**15.** Exh. C to debtor's post-trial brief.

have its collateral sold at Sheriff's sale."[16] Plainly, however, this is not accurate because Leader sold its interest in the note and mortgage long ago. Because Leader no longer has an interest in the collateral that secured the loan, Leader will not suffer any personal injury if the debtor files another bankruptcy case that includes the property. Just as Leader will not be harmed by any future actions of the debtor, neither will it be helped by a favorable decision by the court on the sanction motion. Leader has not, therefore, shown the irreducible constitutional minimum to establish that it has standing to raise this issue.

### D. Jurisprudential Standing

Additionally, and alternatively, Leader fails to meet the jurisprudential limitations on standing for two reasons. First, Leader is not asserting its own rights because it has none. Second, Leader's claim is not within the zone of interest protected by the bankruptcy code sections at issue. Leader first points to § 349(a) in support of its request to impose sanctions. This section provides that the dismissal of a bankruptcy case does not bar the later discharge of a debt that was dischargeable in the case dismissed, unless the court orders otherwise. 11 U.S.C. § 349(a). Leader is asking for sanctions in the form of an order declaring that its debt will not be dischargeable in any other bankruptcy filed by the debtor. A debt means "liability on a claim." 11 U.S.C. § 101(12). A claim is, among other things, a "right to payment." 11 U.S.C. § 101(5). The debtor does not have any liability to Leader on a claim because Leader no longer has a right to payment from the debtor. As a result, Leader does not have the right to seek judicial relief under § 349(a) and does not, therefore, come within the zone of interests protected by that statute.

Leader also cites § 109(g). That section states that, under certain circumstances, an individual who has had a case pending may not file a bankruptcy petition for 180 days after dismissal of the first case. 11 U.S.C. § 109(g). Leader is also outside the zone of interest protected by this statute because it has no interest that would be affected by a second filing.

Leader states, without legal citation or argument, that it has standing because a judgment exists in its name against the debtor. Under Ohio law, however, Leader ceased to exist as a separate legal entity when it was merged into The Leader Mortgage Company, LLC and the latter entity ceased to exist when it was merged into U.S. Bank National Association. *See Morris v. Inv. Life Ins. Co.*, 27 Ohio St.2d 26, 272 N.E.2d 105, 108 (1971) (per curiam). The judgment does not, therefore, give Leader standing to prosecute this motion for sanctions.

## II. Should United Western Bank Be Substituted as the Movant?

As an alternative, Leader asks in its post-trial brief that United Western Bank be substituted as the movant under Federal Rule of Civil Procedure 17(a). FED.R.CIV.P. 17 (made applicable by FED. R. BANKR.P. 7017, 9014(c)).

This argument again raises the question of standing: Does Leader have standing to argue that non-party United Western Bank should be substituted as the movant? Rule 17 states that "[e]very action shall be prosecuted in the name of the real party in interest." FED.R.CIV.P. 17(a). This rule is intended to protect a defendant from multiple suits brought by different parties resulting in multiple damage awards arising out of the same claim.

---

16. Motion at 8.

*Hefley v. Jones,* 687 F.2d 1383, 1388 (10th Cir.1982). When a defendant objects that a plaintiff is not the real party in interest, the case should not be dismissed until a reasonable time has been allowed for the real party in interest to be substituted. FED.R.CIV.P. 17(a). The difficulty here is that Leader did not have standing to file the motion for sanctions. And a party that lacks standing to prosecute an action also lacks standing to make a rule 17 motion to substitute. *Zurich Ins. Co. v. Logitrans, Inc.,* 297 F.3d 528, 531 (6th Cir.2002). The motion is, therefore, denied.[17]

### CONCLUSION

For the reasons stated, Leader Mortgage Co.'s motion for sanctions against the debtor is denied because Leader does not have standing to raise that issue.[18] Leader's motion to substitute another entity as the movant is denied for the same reason. A separate order will be entered reflecting this decision.

---

17. The court also notes that the evidence is insufficient to prove that United Western Bank is the actual owner of the debtor's note and mortgage. The only evidence on this point is an affidavit from Julie Kohn, a manager and assistant vice-president of Dovenmuehle Mortgage, which allegedly now services the note. There are no assignment documents attached to the affidavit and there is a time gap in the allegations between (1) the date that Harbor Financial Mortgage Co. held the note and mortgage, and (2) the date that those instruments transferred to United Western Bank. The affidavit is also insufficient because it does not explain why counsel mistakenly represented in the first place that Leader is the present owner of the note and mortgage, which casts doubt on Dovenmuehle's unsupported statement that United Western Bank is the actual owner.

18. Neither party raised any issue regarding the earlier order dismissing the case on Leader's motion and the court makes no finding with respect to that order.